UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JULIA BRIDGES, on behalf of herself and all those similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> PERSONAL TOUCH HEALTHCARE SERVICES, LLC AND LESLIE HENRY, <br><br> Defendants. | CIVIL ACTION NO.: <br><br> SECTION: <br><br> MAGISTRATE: |

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

NOW INTO COURT through undersigned counsel comes Plaintiff, Julia Bridges, on behalf of herself and all others similarly situated, and files this Complaint against Defendants, Personal Touch Healthcare Services and Leslie Henry ("Defendants"), seeking unpaid minimum wages, unpaid overtime wages and liquidated damages owed to them for not being paid overtime timely in direct violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, (hereinafter called the "FLSA"), and an individual claim for unpaid final wages under Louisiana's Final Wage Payment Act, 23:631, et seq. ("FWPA") and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act to recover unpaid overtime wages and liquidated damages and reasonable attorney's fees and costs under the FLSA, 29 U.S.C. §201, *et seq.*

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## VENUE

3. Venue is proper in the Eastern District of Louisiana under 28 U.S.C. § 1391 because Denham Springs, Louisiana is where Defendants are subject to personal jurisdiction, where Defendants do business in the State of Louisiana, and where the unlawful acts complained of occurred.

## PARTIES

4. At all times material hereto, Plaintiff was, and continues to be a resident of Louisiana.

5. At all times material hereto Defendant Personal Touch Healthcare Services, LLC was, and continues to be a Louisiana company. Further, at all times material hereto, this Defendant was, and continues to be, engaged in business in Tangipahoa Parish, Louisiana.

6. At all times material hereto Defendant Leslie Henry was, and continues to be, a resident of the State of Louisiana and is engaged in business in Tangipahoa Parish, Louisiana. Henry is the sole manager/member owner of Personal Touch Healthcare Services, LLC, was directly involved in the event giving rise to the claims set forth herein.

7. Defendants are alleged to be jointly and solidarily liable with as joint employers of Plaintiff and the proposed FLSA Collective Class plaintiffs.

## PLAINTIFF IS SUBJECT TO THE PROVISIONS OF THE FLSA

8. At all times material hereto, Plaintiff and the FLSA Collective Action Plaintiffs were "engaged in commerce" within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

9. At all times material hereto, Plaintiff and the FLSA Collective Action Plaintiffs were "engaged in the production of goods" for commerce within the meaning of §6 and §7 of the FLSA, and subject to the individual coverage of the FLSA.

10. At all times material hereto, Plaintiff and the FLSA Collective Action Plaintiffs were "employees" of Defendants within the meaning of FLSA.

11. At all times material hereto, Defendants were the Plaintiff's and the FLSA Collective Action Plaintiffs' "employers" within the meaning of FLSA.

12. At all times material hereto, Defendants were an "enterprise engaged in commerce" within the meaning of FLSA.

13. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

14. At all times material hereto, the work performed by the Plaintiff and the FLSA Collective Action Plaintiffs was directly essential to the business performed by Defendants.

## DEFENDANTS ARE PLAINTIFF'S AND THE FLSA COLLECTIVE ACTION PLAINTIFFS' JOINT EMPLOYERS

15. At all times material hereto, Defendants were Plaintiff's and the FLSA Collective Action Plaintiffs' "joint employers" within the meaning of FLSA.

16. Specifically, Defendants were so intertwined as to be indistinguishable.

17. Defendants jointly exercised control over the Plaintiff's and FLSA Collective Action Plaintiffs' schedules, rates of pay, how they performed their jobs and the equipment they used to perform their jobs.

18. At all times material hereto, the work performed by the Plaintiff and the FLSA Collective Action Plaintiffs was directly essential to the business performed by Defendants.

## **COLLECTIVE ACTION ALLEGATIONS**

19. All previous paragraphs are incorporated as though fully set forth herein.

20. Plaintiff brings this FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons in the United States, who, since July 2014, previously worked or currently work for Defendants as home health caregivers, but were not paid for all hours worked for Defendants due to Defendants' refusal to pay them for more than the hours for which Defendant could be reimbursed, regardless of how long they actually worked, thereby depriving them of the federally mandated minimum wage for each hour worked and federally mandated overtime for all hours worked in excess of 40 per week.

21. Plaintiff estimates that there are dozens, if not hundreds, of members of the FLSA Collective Class who have been affected by Defendants' improper policies and practices, based upon the number of current employees of Defendants, the number of work locations maintained by Defendants, the Defendants' treatment of all of its employees in the same manner, and the turnover rate of Defendants' employees in the last three years.  It would be impractical to join all of those employees and former employees in this action.

22. The precise number of persons in the FLSA Collective Action Class can be easily identified and located using Defendants' timesheets, payroll, time records and other personnel records.

23. Given the composition and size of the FLSA Collective Class, potential opt-in class members may be informed of the pendency of this Collective Action by direct mail, text and email.

24. Plaintiff's claim for unpaid minimum wage and/or overtime wages is properly maintained as a collective action because Plaintiff is similarly situated to the collective action members she seeks to represent in that:

> (a) Plaintiff and similarly situated employees worked for Defendants as home health caregivers and performed the same or substantially the same job duties and were subject to the same job scheduling policies and payment practices.

> (b) Plaintiff is personally aware that other similarly situated employees of Defendants performed the same or substantially the same job duties as Plaintiff, but were not paid for hours worked in excess of those for which Defendant could be reimbursed, regardless of how many hours they actually worked per day.

> (c) Due to Defendants' intentional failure to pay Plaintiff and similarly situated employees for time that it knew was considered compensable under the FLSA, Defendants have deliberately and willfully failed to pay these employees at a rate of pay equal to or in excess of the federal minimum wage for each hour worked and, since October 13, 2015, it has

failed to pay these employees federally-mandated overtime wages for all hours worked in excess of 40 per week.

(d) Although the number of hours worked by Plaintiff and the proposed FLSA Collective Plaintiffs may differ, the payment scheme of failing to pay healthcare givers for any hours for which Defendant could not be reimbursed, regardless of the total hours these employees worked per day was applied to all home health caregiver employees who worked for Defendants and the hours each employee worked should be readily determinable by review of Defendants' records.

(e) Accordingly, Plaintiff is in the best position to represent all members of the FLSA Collective Action Class as a whole.

25. In addition, because Defendants applied their unlawful employment and payment policies in the same manner to all potential members of the FLSA Collective Action Plaintiffs, common issues of law and fact predominate, and therefore pursuing this matter as a collective action serves as the most expeditious use of the court's time and resources, as well as avoiding multiple actions on these issues, with the potential for differing or inconsistent judgments.

26. Plaintiff requests that the Court authorize notice to the FLSA Collective Action Plaintiffs to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation and liquidated damages under the FLSA.

## FACTUAL ALLEGATIONS

27. Defendant provides home health care services to patients throughout Louisiana. Defendants are reimbursed for the services they provide by third-party private insurers and/or Medicare or Medicaid.

28. In April 2016, Plaintiff began working for Defendants as a home health caregiver.

29. Her hourly rate of pay was $7.50.

30. While working for Defendants, Plaintiff was told to submit time sheets with the hours that she worked and that she would be paid for her time.

31. Thereafter, during the month of May 2016, Plaintiff performed home health care services for Defendant and submitted time sheets that contemporaneously reflected the days and hours she worked.

32. After several weeks of work, Plaintiff has not been paid and she inquired as to when she could expect payment for her labor.

33. She was then advised that the patient she had been assigned to assist was not certified for care and therefore Defendant could not be reimbursed for any amount it paid to her, she would not be paid for her time.

34. On June 9, 2016, Defendant finally paid Plaintiff for part of her time, but refused to pay her for the remaining hours due to not being reimbursed for them.

35. On July 7, 2016, Plaintiff formally requested payment of her final wages in writing. Defendant continues to refuse to pay her for her hours worked in full.

36. Defendants claim this is its policy and applies it to all home healthcare givers that it employs.

37. As a result of Defendants' policy, Plaintiff (and other home healthcare givers) was not paid minimum wage for all hours she worked, nor was she paid overtime for all hours in excess of 40 per week that she worked for Defendants.

## CAUSES OF ACTION

### COUNT I:  FAILURE TO PAY MINIMUM WAGE AND/OR OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
**(Collective Action Claims)**

38.  All previous paragraphs are incorporated as though fully set forth herein.

39.  As a result of Defendants' payment and scheduling policy whereby it did not pay Plaintiff or similarly situated employees for any hours that they worked which were in excess of Defendants' ability to be reimbursed, Plaintiff and the FLSA Collective Action Plaintiffs wages regularly dipped below the federally-mandated minimum hourly wage rate.

40.  In addition, due to these same practices, since October 13, 2015, Plaintiff and the Collective Action Plaintiffs were not and have not been paid overtime for all hours worked in excess of 40 hours per week for Defendants.

41.  Plaintiff and the FLSA Collective Action Plaintiffs were, and are, entitled to be paid at the federal minimum wage rate for each hour worked and since October 13, 2015, have been entitled to be paid at a statutory rate of one and one-half times their regular rates of pay for all hours they worked in excess of 40 hours per week for Defendants.

42. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, by implementing a management policy, plan or decision that intentionally provided for the compensation of Plaintiff and the FLSA Collective Action Plaintiffs as if they were exempt from coverage under 29 U.S.C. §§201 through 219, disregarding the fact that they were not exempt.

43. At all times material hereto, Defendants have failed to maintain proper time records as mandated by the FLSA.

44. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff and the FLSA Collective Action Plaintiffs at a rate equal to the federal minimum wage for all hours worked for Defendants and at the statutory rate of one and one-half times their regular rate of pay for all of the hours they worked in excess of 40 hours per week when it knew, or should have known, such was and is due.

45. Defendants have failed to properly disclose or apprise Plaintiff and the FLSA Collective Action Plaintiffs of their rights under the FLSA.

46. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff and the FLSA Collective Action Plaintiffs have suffered lost minimum wage compensation and lost compensation for time worked over 40 hours per week, plus liquidated damages.

47. Plaintiff and the FLSA Collective Action Plaintiffs are also entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II: FAILURE TO PAY FINAL WAGES
### (Plaintiff's Individual Claim)

48. All previous paragraphs are incorporated by reference herein.

49. As a result of Defendants' pay policies, Plaintiff was not paid her hourly rate in excess of minimum wage for each hour that she worked.

50. She made formal demand for these wages on July 7, 2016; however, she had yet to be paid in full.

51. Under La. R.S. 23:631, et seq., an employed must pay its employee all final wages on the earlier of the next regular payday or within fifteen days of that employee's resignation or termination. Failure to do so will make the employer liable for penalties in the amount of one days' wages for up to 90 days and mandatory attorneys fees and costs.

52. Due to Defendants' failure to pay Plaintiff her final wages in full upon demand, plaintiff is entitled to recover her unpaid wages, penalty wages and attorney's fees and costs.

## ATTORNEY'S FEES

53. Plaintiff has retained the law firm of Jackson+Jackson to represent Plaintiff and the collective action plaintiffs in this litigation and has agreed to pay the firm a reasonable fee for its services.

## CONSENT

54. Plaintiff's consent to file this Complaint is evidenced by her signature on the FLSA Consent Form that is attached hereto as Exhibit "A."

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the FLSA Collective Action Plaintiffs pray that judgment be entered in their favor and against Defendants, Perfect Touch Healthcare Services, LLC and Leslie Henry:

> a. Declaring that Defendants' actions of failing to pay to Plaintiff and the FLSA Collective Action Plaintiffs at a rate equal to the federal minimum wage rate for all hours that they worked for Defendants and their failure to pay Plaintiff and the Collective Action Plaintiffs time and one-half their regular rate of all of the hours they worked in excess of 40 per week is in violation of the FLSA;
>
> b. Declaring that Defendants' actions of failing to pay to Plaintiff her final wages in full within the time mandated by the FWPA is in violation of the FWPA;
>
> c. Awarding the Plaintiff and the FLSA Collective Action Plaintiffs an amount equal to the federal minimum wage rate for all hours worked for Defendants and an amount equal to one and one-half of their hourly wage for ***all*** hours of overtime they worked in excess of 40 per week;
>
> d. Awarding the Plaintiff and the FLSA Collective Action Plaintiffs an equal amount in liquidated damages;
>
> e. Awarding Plaintiff the full amount of her unpaid final wages;
>
> f. Awarding Plaintiff 90 days' penalty wages as set forth in the FWPA;
>
> g. Awarding Plaintiff and the Collective Action Plaintiffs attorney's fees and costs;

    h. Legal interest from the date of demand; and

    i. And other relief to which they may be entitled.

                              Respectfully submitted,

                              */s/ Mary Bubbett Jackson*
                              Jody Forester Jackson, (La. Bar No. 28938)
                              Mary Bubbett Jackson, (La. Bar No. 29110)
                              **JACKSON+JACKSON**
                              201 St. Charles Avenue, Suite 2500
                              New Orleans, Louisiana 70170
                              T: (504) 599-5953
                              F: (888) 988-6499
                              E: jjackson@jackson-law.net
                                   mjackson@jackson-law.net
                              Plaintiff and the FLSA Collective Action Plaintiffs

**PLEASE SERVE**
**Personal Touch Health Care Services, LLC**
**Through it registered agent**
**Leslie Henry**
**15708 Malvern Hill Ave**
**Baton Rouge, LA 70817**

and

**Leslie Henry**
**15708 Malvern Hill Ave**
**Baton Rouge, LA 70817**