UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JULIA BRIDGES | CIVIL ACTION |
| VERSUS | NO. 17-12423 |
| PERSONAL TOUCH HEALTHCARE SERVICES, LLC ET AL | SECTION "L" (3) |

**ORDER & REASONS**

Before the Court is Plaintiffs' Motion to conditionally certify a Fair Labor Standards Act ("FLSA") collective action under 29 U.S.C. § 216(b). R. Doc. 11. Defendant has not responded. After considering the parties' briefs and the applicable law, the Court issues this Order & Reasons.

**I.   BACKGROUND**

Plaintiff Julia Bridges brings this FLSA collective action on behalf of herself and those similarly situated. R. Doc. 1. Plaintiff alleges that in April 2016 she began working for Defendant Personal Touch Healthcare Services, LLC ("Personal Touch") as a home health caregiver. R. Doc. 1 at 7. Personal Touch is a Louisiana company that provides home healthcare services. R. Doc. 1 at 7. Defendant Leslie Henry is the sole manager/owner of Personal Touch. R. Doc. 1 at 2. Plaintiff agreed to work for $7.50/hr. and submitted time sheets showing the hours she worked. R. Doc. 1 at 7. Plaintiff alleges that she was not paid for all hours that she worked and that Defendants told her that she would not be paid for hours that Defendant could not get reimbursed by medical insurance or Medicare/Medicaid. R. Doc. 1 at 7. Plaintiff further alleges that there are many other similarly situated home health caregivers who were also not paid by Defendant. R. Doc. 1 at 4.

1

Accordingly, Plaintiff brings a collective action for unpaid wages and unpaid overtime under the FLSA. R. Doc. 1 at 8. Plaintiff also brings an individual claim against Defendants for Failure to Pay Final Wages. R. Doc. 1 at 10.

Defendants have failed to answer this lawsuit. Plaintiffs were granted a default against Defendants on April 4, 2018. R. Doc. 8. A Docket Call was held for this case on June 20, 2018. R. Doc. 10. Plaintiffs' counsel appeared and agreed to file a motion for default judgment or motion to certify the class. R. Doc. 10. Plaintiff has filed a motion to certify class. R. Doc. 11.

## II. PRESENT MOTION

Plaintiff has filed a motion to certify class. R. Doc. 11. Plaintiff alleges that she and all other home heath caregivers employed by Defendants are similarly situated because they 1) performed similar job duties, 2) were paid by the hour, and 3) were not paid for all hours worked. R. Doc. 11-1 at 5. Plaintiff alleges that it is Defendant's policy to only pay workers for hours that can be reimbursed regardless of the number of hours worked. R. Doc. 11-1 at 8. Accordingly, Plaintiff asks that the Court conditionally certify this class. R. Doc. 11-1 at 4. Because of the default granted to Plaintiff, Plaintiff further requests that Defendants be ordered to provide contact information for the proposed class and Plaintiff be permitted to amend her complaint to add opt-in plaintiffs. R. Doc. 11-1 at 4. Plaintiff proposes that Defendants be given an opportunity to respond to this amended complaint and then, if they fail to respond, Plaintiff will seek a default against them. R. Doc. 11-1 at 4.

## III. LAW & ANALYSIS

The FLSA provides workers the right to sue collectively on behalf of themselves and others "similarly situated" for violations of the Act's minimum wage provisions and overtime protections. 29 U.S.C. § 216(b). "Unlike class actions governed by Rule 23 of the Federal Rules

of Civil Procedure, in which potential class members may choose to opt out of the action, FLSA collective actions require potential class members to notify the court of their desire to opt-in to the action." *Anderson v. Cagle's Inc.*, 488 F.3d 945, 950 n.3 (11th Cir. 2007) (citing 29 U.S.C. § 216(b)). District courts have discretion to implement the collective action procedure by sending notice to potential plaintiffs. *Lentz v. Spanky's Restaurant II, Inc.*, 491 F. Supp. 2d 663, 667–68 (5th Cir. 2007). Notice must be "timely, accurate and informative." *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

The Fifth Circuit has not yet established a legal standard for collective-action certification, but has affirmed two different approaches. *Portillo v. Permanent Workers, L.L.C.*, No. 15-30789, 2016 WL 6436839, at *2 (5th Cir. Oct. 31, 2016); *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 226 (5th Cir. 2011); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995), *overruled on other grounds*, *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). One method for certifying collective-action claims involves a two-step "similarly situated" test, while the other is more akin to the standard for Rule 23 class actions. *Roussell*, 441 F. App'x at 226. In the present case, this Court finds it appropriate to apply Mooney's two-stage approach. *Mooney*, 54 F.3d at 1216.

Under this two-step process, the first determination is made at the so-called "notice stage." At the notice stage, the district court makes a decision whether notice should be given to potential class members based on the pleadings, affidavits, and any other evidence which has been submitted. *Id.* at 1213. Because the court has minimal evidence at this point, and plaintiffs seeking conditional certification are not required to identify other potential collective action members, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class. *Id.* at 1214. If the district court

"conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." *Id.*

The second determination typically occurs after the defendant files a motion for "decertification" after discovery is largely complete. *Id.* At this stage, the court has substantially more evidence it can use in deciding whether the collective action members are similarly situated. *Id.* If the claimants are similarly situated, the district court allows the representative action to proceed to trial. *Id.* If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. *Id.* The original plaintiffs can then proceed to trial on their individual claims. *Id.*

Because this case is presently at the "notice stage," the Court must make a decision whether conditional certification should be granted and whether notice of the action and right to opt-in should be given to potential class members. At this point, plaintiff bears the burden of making a preliminary factual showing that at least a few similarly situated individuals exist and their rights were violated in similar ways. *Nunez v. Orleans Shoring, LLC*, No. 16-3005, 2016 WL 3746168, at *4 (E.D. La. July 13, 2016). "Although the standard for satisfying the first step is lenient . . . the court still requires at least substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Smith v. Offshore Specialty Fabricators Inc.*, No. 09-2985, 2009 WL 2046159, at *3 (E.D. La. July 13, 2009) (quoting *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex., 1999)) (internal quotations and citations omitted). To determine whether plaintiffs have submitted substantial allegations of a single plan, courts consider "whether potential plaintiffs were identified . . . whether affidavits of potential plaintiffs were submitted . . . and whether evidence of a widespread discriminatory plan was submitted." *Smith v. Offshore Specialty*

4

*Fabricators Inc.*, No. 09-2985, 2009 WL 2046159, at *3 (E.D. La. July 13, 2009); *see also Banegas*, No. 15-593, 2015 WL 4730734, at *4 (E.D. La. Aug. 10, 2015) ("The plaintiff may satisfy this burden by submitting evidence in the form of pleadings, affidavits and other supporting documentation.").

Here, Plaintiff alleges that other similarly situated individuals exist and has supported this allegation with Plaintiff's written declaration. R. Doc. 11-2. Accordingly, the Court finds that conditional certification of the class is appropriate at this time. Furthermore, in the interests of effectiveness of the class remedy and judicial economy, the Court will exercise its discretionary authority to facilitate notice to potential opt-in plaintiffs. *See Hoffmann–La Roche*, 493 U.S. 165. Because the Court finds that Plaintiff's proposed notice is "timely, accurate, and informative," the Court approves Plaintiff's proposed notice. R. Doc. 11-6. The Court also approves an opt-in period of 120 days. Finally, in order to facilitate sending the notice and consent forms, and in an effort to bring Defendants into the present lawsuit, the Court orders the Defendants to provide the names and last known addresses of potential class members.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to certify class, R. Doc. 11, is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's proposed notice, R. Doc. 11-6, is **APPROVED**.

**IT IS FURTHER ORDERED** that Defendants shall provide the names and last known addresses of potential class members.

New Orleans, Louisiana, this 29th day of August, 2018.

_____
UNITED STATES DISTRICT JUDGE

CC: Personal Touch Healthcare Services, LLC
    Leslie Henry
    15708 Malvern Hill Avenue
    Baton Rouge, LA 70817