UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JULIA BRIDGES | CIVIL ACTION |
| VERSUS | NO. 17-12423 |
| PERSONAL TOUCH HEALTHCARE SERVICES, LLC AND LESLIE HENRY | SECTION: M (3) |

**ORDER & REASONS**

Before the Court is the motion of plaintiff Julia Bridges ("Plaintiff") for a default judgment,[1] to which defendants have not responded. Having considered Plaintiff's motion, the facts and procedural history of this case, and the applicable law, the Court finds that entry of a default judgment is appropriate.

Under Rule 55(b) of the Federal Rules of Civil Procedure, when a plaintiff's claim is not for a sum certain or a sum that can be made certain by computation, the plaintiff must apply to the district court for a default judgment. A default judgment is not a matter or right, and granting one is within the sound discretion of the district court. *Flaska v. Little River Marine Constr. Co.*, 389 F.2d 885, 887 (5th Cir. 1968). "If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to damages, will be taken as true." 10A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2688.1 (4th ed.). A court may conduct hearings or make referrals when, to enter or effectuate the judgment, it needs to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2). In determining whether to enter a default judgment the court considers:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of

---

[1] R. Doc. 17.

> a default judgment and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

In the case at bar, Plaintiff has clearly established the grounds for default, and it was not caused by a good faith mistake or excusable neglect. Defendants have refused to participate in this litigation. They were served and have not filed a responsive pleading, opposed any motion filed by Plaintiff, or responded to the call docket. Thus, this Court does not think it would be obligated to set aside a default judgment in this case. Therefore, Plaintiff's motion for entry of default judgment is GRANTED.

In her motion for entry of a default judgment, Plaintiff seeks: (1) $6,147.65, consisting of (a) unpaid minimum wages and unpaid overtime wages ($865.76); (b) an equal amount in liquidated damages as set forth in the Fair Labor Standards Act ("FLSA") ($865.76); (c) unpaid final wages ($28.62); and (d) 90-days penalty wages ($4,387.50) as set forth in the Louisiana Final Wage Payment Act ("FWPA"); and (2) $9,038.40 in attorney's fees ($8,520.00) and costs ($518.40) as mandated by both the FLSA and the FWPA. These amounts are reasonable and supported by the record.

Accordingly,

IT IS ORDERED that Plaintiff's motion for entry of default judgment (R. Doc. 17) is GRANTED, and Plaintiff is awarded $6,147.65 in damages, plus attorney's fees and costs in the amount of $9,038.40, for an award in the total amount of $15,186.05.

New Orleans, Louisiana, this 17th day of May, 2019.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE